UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JAMES RICHARD THOMAS**                                                           **PLAINTIFF**

v.                                                           **CIVIL ACTION NO. 4:15CV-P36-JHM**

**WEBSTER COUNTY DETENTION CENTER** *et al.*                    **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff James Richard Thomas filed this *pro se* action proceeding *in forma pauperis*. This matter is before the Court for initial review of the second amended complaint (DN 17) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 60 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff originally initiated this action in the United States District Court for the Eastern District of Kentucky. He sued jails and jail personnel in Kenton, Webster, Fulton, and Carroll Counties. Plaintiff later filed an amended complaint. Subsequently, the Eastern District found that this Court was the proper venue for Plaintiff's claims concerning his incarceration in Webster and Fulton Counties, severed those claims, and transferred the two cases to this Court. This action pertains only to Plaintiff's claims concerning the Webster County Detention Center (WCDC). This Court ordered Plaintiff to re-file his action on this Court's form for filing a 42 U.S.C. § 1983 action. The Court directed that the complaint filed on this Court's form would supersede the original complaint and amended complaint. Plaintiff complied with this Court's Order and filed his second amended complaint on this Court's approved form (DN 17).

Upon review of the second amended complaint, for the reasons that follow, the Court will dismiss this action.

I.

Plaintiff, a convicted inmate currently incarcerated at the Roederer Correctional Complex, sues the following Defendants: WCDC; Terry Elder, the WCDC Jailer; and the WCDC Medical Department Staff. He sues Defendants in their individual and official capacities.

Plaintiff states that in February 2013 he sustained a serious neck injury when he slipped and fell while in custody in Kenton County. He states that he requested medical attention for the injury but the Kenton County Detention Center Medical Staff denied him treatment. He reports that on February 20, 2013, he was transferred to the Carroll County Detention Center and remained there until July 9, 2014. He maintains that he requested medical attention for his neck injury but was never treated "for his progressively worse neck injury . . . ." He states that on July 9, 2014, he was transferred to WCDC.

Plaintiff states that on or around the date of his transfer to WCDC he submitted a medical request for his neck injury. He states that on or around July 20, 2014, the WCDC "had a doctor examine the Plaintiff" who "recommended x-rays to be taken of the Plaintiff's neck." He reports that on or around July 23, 2014, he received an x-ray of his neck. He further states, "On or around July 24, 2014, the Plaintiff was once again transferred to the Fulton County Detention Center without determining what extent or seriousness the neck injury was and again resolved the problem by transferring the Plaintiff to another facility." He states that he never received medical attention at the Fulton County Detention Center after he submitted numerous requests. Plaintiff reports that he is presently incarcerated at the Roederer Correctional Complex. He states that he "is still suffering from severe neck pain from the previous injury therefore all the

Defendant's listed has violated the Plaintiff's civil rights by denying him his 'Due Process' by not providing 'Medical Attention' for the Plaintiff's injury."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A. Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Suing county employees in their official capacities is the equivalent of suing their employer, in this case Webster County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, while Plaintiff sues WCDC, it is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may

4

not be sued under § 1983). In this situation, Webster County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. at 503 (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Webster County is a "person" for purposes of § 1983. *See Monell*, 436 U.S. at 690.

The Court will therefore construe the official-capacity claims and the claims against WCDC as claims against Webster County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges that WCDC denied him proper treatment for his neck injury. However, he has not alleged that anyone acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the alleged denial of medical treatment occurred as a result of a policy or custom implemented or endorsed by Webster County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Therefore, Plaintiff's official-capacity claims and claims against WCDC must be dismissed for failure to state a claim upon which relief may be granted.

**B. Individual-capacity claims**

Plaintiff states that when he arrived at WCDC he requested medical treatment for his neck injury, he was seen by a doctor who ordered an x-ray, and the x-ray was performed. He states that he was transferred shortly thereafter and that the "extent or seriousness the neck injury" was not determined.

Plaintiff alleges a violation of due process. However, with regard to prisoners' claims of denial of medical care, "'[d]eliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical

need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47).

   Plaintiff's claims in this suit are against WCDC and its personnel. While Plaintiff complains that he was denied treatment at other facilities, these Defendants cannot be held liable for the treatment of Plaintiff at any other facility. Based on the allegations in the complaint, Plaintiff submitted a medical request when he arrived at WCDC, was seen by a doctor, and received an x-ray of his neck. While Plaintiff may be dissatisfied with the adequacy of his treatment, it is evident that WCDC employees took reasonable measures to address Plaintiff's injury. Plaintiff therefore cannot establish that WCDC personnel recklessly disregarded the injury to his neck. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). Since Plaintiff received medical treatment for his neck while at WCDC, his disagreement with the adequacy of the treatment fails to state a claim under § 1983 and will be dismissed.

8

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: July 21, 2015

                                    **Joseph H. McKinley, Jr., Chief Judge**
                                    **United States District Court**

cc:    Plaintiff, *pro se*
       Defendants
4414.010